Decuir vs. Ferrier.

## No. 43.

### MRS. JOSEPHINE DECUIR *v.* DR. LEON FERRIER.

1. Where a decree of court authorizes a person to do certain things in which others are interested, and by authority thereof he performs a portion of what the decree permits, he, by such partial performance, accepts the charge, and is bound for the complete execution thereof.

2. Where a person advisedly complies, either partially or entirely, with the obligation of a judgment or contract, he will not be heard declaring that he was no party to such judgment or contract.

3. Where a person, nominally a party to a judgment, when sued for its nullity, defends the action upon the ground that such judgment is valid, and succeeds in maintaining it, he is estopped from subsequently declaring that it was null, as to himself, for want of citation or representation.

4. Where a person agrees to satisfy his obligation to an estate, by distributing the sum he holds amongst its creditors, taking their receipts, such an agreement is not in the nature of a promise to pay the debt of another, such as is required by statute to be evidenced by writing.

5. Where, upon certain admissions in open court, the debtor of an estate is authorized to distribute the fund represented by the debt amongst the creditors of such estate, taking their receipts, it will be implied, without special mention, that such debtor made a proposition, of which such decree was the acceptance, and he will be held accordingly.

*Appeal from the Fifth District Court. Rogers, Judge.*

*E. K. Washington* for plaintiff, appellant.
*Edward Philips* and *T. M. Cooley* for defendant.

C. B. Singleton, Esq., judge *ad hoc, vice* Rogers, judge, recused, concurred in the opinion and decree rendered in this case.

McGLOIN, J.—Plaintiff sues defendant for $588 due her as a creditor of the succession of Antoine Decuir, deceased. Certain property of that estate was sold at public auction, and bought in by defendant for $23,175, upon twelve-months' bond. A tableau distributing this fund was filed and disposed of by a decree approving certain claims, amongst others that of plaintiff, and rejecting others, and concluding as follows:

" It appearing from admissions in open court, that Leon Ferrier, one of the creditors of said succession, represents the other creditors, and that *he* executed the twelve-months' bond for the purchase price of the principal property of the succession, it is ordered on his filing the receipts of the several creditors named in said final tableau, that the twelve-months' bond so executed by him, and also the twelve-months' bond for $350, made by ——— Mitchell, be delivered to him for cancellation and collection, and that, thereupon, the administratrix (plaintiff herein) be discharged from her trust, and her bond cancelled," etc.

Although it is not clearly so stated, yet we consider that this portion of the decree implies a proposition by defendant to pay the debts, and its acceptance by the court and all parties interested, and the assumption of these debts by him, as a portion of the purchase price of the property, and that it fixes upon defendant this responsibility. If, however, there were doubt upon this question, there can be none upon the proposition, that the obligation, if inchoate, would be made perfect against defendant the moment he proceeded to avail himself of the permission accorded.

The course through which, under the law, the transaction, were it not for this decree, would have reached a conclusion, would have been for defendant to have met his obligation by paying, at maturity, $23,175 into the hands of the administratrix, to be by her distributed under the sanction of her oath and bond. When he, by authority of this decree, broke into that fund, and assumed the functions of the administratrix in its distribution, he accepted the trust imposed upon him by the judgment, and was bound to execute it completely. He could not accept its terms in part and reject them for the remainder.

The evidence shows, we think, payments to other creditors by a Mr. Lafitte, who seems to have controlled the financial management of this business. At all events, when plaintiff, in another suit, demanded the nullity of this very decree, defend-

ant answered, making amongst others the following averments: "Said judgment was *in all respects true and valid,* and highly beneficial to the petitioner individually, and most advantageous to said succession, and that, *soon after its rendition, said judgment was fully executed by this respondent, by paying the several sums directed to be paid,* and that all parties acquiesced in its rendition and execution, as aforesaid."

It is shown that a check was tendered to plaintiff, but refused, and we may, upon the faith of defendant's own averment, as above recited, take it for granted that the others are paid. Certainly this was an acceptance, were such necessary, clear and irrevocable, of the terms of this decree by Dr. Leon Ferrier.

Nor do we see how those prohibitory laws, excluding verbal promises to pay the debt of another, can be made applicable. It was not the debt of another which defendant was to pay, but his own, as evidenced by his twelve-months' bond. His assuming the distribution of the fund was but binding himself in favor of third persons to a certain method of discharging his obligation, just as a purchaser often assumes, as a part of the price, liens and mortgages, or even an unsecured debt of his vendor, or as the holder of another's funds may bind himself by promises of acceptance, verbal or written, to pay the drafts of his principal.

Before this Court defendant contends that it is not shown that he was a *party* to that decree. We can conceive of no stronger ratification and estoppel barring a person from setting up that he was no party to a judgment, or even contract, than his own voluntary and advised execution, either in whole or in part, of the obligations it imposes upon him. It is as satisfactory and conclusive as the ratification resulting where a principal, in the same manner, executes the contracts entered into by an agent beyond the scope of his authority. Again, when the nullity of this decree and the proceedings thereunder was demanded against him, he solemnly averred, before a court of justice, that it was valid, advantageous to,

and acquiesced in, by all parties. He was heard upon these averments, and secured a judgment thereon, maintaining its validity and binding force. Surely, having against this very plaintiff advocated and maintained this decree, and defeated her effort to destroy it, he cannot now be heard, himself, attempting to stamp it with nullity for want of notice to himself and others in interest.

The judgment appealed from is, therefore, reversed, and judgment is now rendered in favor of plaintiff, and against defendant, for $588, with legal interest from January 16th, 1872, with costs of both courts.